# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 MAR 13  PM 4:01

DEPUTY CLERK_____

**SUPER-SPARKLY SAFETY STUFF, LLC**                                    **PLAINTIFF**

v.                                    Civil Action No. **318 - CV 0587 - D**

**SKYLINE USA, INC.,**
**d/b/a GUARD DOG SECURITY**                                    **DEFENDANTS**

## COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW the Plaintiff, Super-Sparkly Safety Stuff, LLC ("Super,") by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this Complaint against defendant Skyline USA, INC., d/b/a Guard Dog Security, (hereafter "Guard") as follows:

### JURISDICTION AND VENUE

1.      This Court retains jurisdiction as patent infringement raises a federal question and is proper under 28 U.S.C. § 1331.

2.      Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Northern District of Texas because the actions which gave rise to the claims presented in this complaint occurred in Dallas, Texas, within the Northern District of Texas.

3.      Additionally, the Northern District of Texas has personal jurisdiction of the Defendants. Defendants have maintained substantial, continuous and systematic contacts with the state of Texas through its business dealings with customers in Texas. Furthermore, Defendant marketed its services and provided customer services to the state of Texas.

4.      Additionally, The Northern District of Texas has personal jurisdiction of the Defendants because, among other things, Defendants are engaged in tortuous conduct within the state of Texas and in this District, including placing into commerce illegal copies of Plaintiff's patent via www.guarddog-security.com, catalogs, tradeshows, third-party sellers and independent sale's agents.

**PARTIES RELEVANT TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

5.      This action is brought by Super-Sparkly Safety Stuff, LLC, manufacturers of pepper spray, and other personal security devices, organized within the state of Texas with its principal headquarters at 7015 Twin Hills Ave., Dallas, TX 75231.

6.      Skyline USA, INC., d/b/a Guard Dog Security, (hereinafter "GUARD") is a corporation organized under the laws of the state of Florida and its principal place of business located at 4180 St. John's Parkway, Sandford, TX 32771, with business activities throughout Texas, the United States and the World Wide Web.  GUARD offers for sale an infringing product called "Bling It On" pepper spray that violates the Plaintiff's patent and embodies the Plaintiff's "Bling Sting" pepper spray.

**FACTUAL BASIS FOR THE CLAIMS ASSERTED**

7.      The Plaintiff specializes in the manufacture and distribution of pepper spray, stun and other personal protection devices.

8.      The Plaintiff markets and sells its patented products through trade specialty shows, sales associates, retail stores, catalogs and through internet distribution throughout the United States.

9.    The Defendant is a seller and importer of goods from China and sells the goods as retail and wholesale nationwide.

10.    The Defendant uses tradeshow, the world wide web, catalog and business to business activities to sell its products.

11.    The Defendant owns and operates the website www.guarddog-security.com.

12.    Andrea Anteberry and Gabe Mazzone filed for a two patents for a "Rhinestone covered container for pepper spray canister."

13.    On June 9, 2015, United States Letters Patent No. US D731,172S and January 7, 2014, No. USD696,857S, were issued to Andrea Anteberry and Gabe Mazzone for an invention for a "Rhinestone covered container for pepper spray canister."  See Exhibit A.

14.    Gabe Mazzone is the president of the Plaintiff and Andrea Anteberry is the CEO of the Plaintiff.

15.    Gabe Mazzone and Andrea Anteberry both assigned their right and title of the United States Letters Patent No. US D731,172S and No. USD696,857S to the Plaintiff.

16.    Upon information and belief the Plaintiff learned on February 7, 2017, that GUARD offered for sale an infringing product called "Bling It On" pepper spray that violated the Plaintiff's patent and embodied the Plaintiff's "Bling Sting" pepper spray.

17.    The following week a notice was sent to Mr. Shabbir Sheikh, the owner and registered agent of GUARD, informing him of the infringing product and illegal infringement.

18.    GUARD continues to sell the infringing product.

19.    Plaintiff has seen GUARD advertises and offer the infringing product for sale at the ASD tradeshow in Las Vegas, NV.

20.    The Plaintiff owed the US D731,172S patent throughout the period of the Defendants infringing acts and still owns the patent.  See Figures 1 & 2. Below of the US D731,172S patent.



FIG. 1    FIG. 2

21.    The Plaintiff's product is one of a kind and it came first.

22.    The Plaintiff's Bling Sting pepper spray product embodies the Plaintiff's patent. See photo below.



23.    The Plaintiff's designs are its own intellectual property.  No goods of this design existed prior to the Plaintiff's designs and patents.

24.     The Plaintiff are the only holder of patents on products of this kind in the United States.

25.     The Plaintiff makes significant revenue off of the Bling Sting pepper spray.

26.     On information and belief the Plaintiff learned that in February 7, 2017 that the Defendant began selling an illegal product that embodied the Plaintiff's patent.

27.     The Defendant currently has the illegal products on its websites.

28.     The Defendant has sold and continue to sell on their websites illegal copies of the Plaintiff's patents and contributes to third parties selling illegal copies of the Plaintiff's patents on its websites.

29.     35 U.S.C. § 271 states in part,

"(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

30.     The Defendant's actions have violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

31.     The Defendant, intentionally, willfully, and wantonly violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

32.     The Defendant without authority placed in the stream of commerce and offered to sell, the Plaintiff's patented inventions, within the United States.

33.     The Defendant markets the illegal product under its product line Guard Dog Security and calls it the "Bling It On." Please see a photo below.



34.    The Defendant without a licensed from the Plaintiff placed in the stream of commerce and offered to sell, the Plaintiff's patented inventions, within the United States.

35.    The Defendant has induced individuals and companies to infringe on the Plaintiff's patented products.  Including, but not limited to, the following companies:

      a.   www.amazon.com

      b.   www.zulily.com

36.    A person with an internet connection may find the Defendants' illegal product on the websites listed above of the Induced Sellers.

37.    The above identified sellers that sell and put the infringing product on their websites all do so with GUARD's express permission.

38.    In addition to these infringing products, SUPER also received from GUARD knock-off pepper spracy, representative pictures of which are provided below. See Fig. Below.



39.     The Accused devices available from GUARD through the websites above violate SUPER's patent rights.

40.     SUPER's patent embodies the infringing product exposed for sale, offered for sale, and sold through GUARD induced sellers.

45.     Defendants' exposing for sale, offering for sale, and selling the infringing products on GUARD's website violates SUPER's intellectual property rights by warehousing and/or offering for sale Accused devices, resulting in facilitation of third-party purchases of infringing products that violate SUPER's intellectual property rights.

46.     Likewise, on information and belief, at least the GUARD induced sellers import into the United States the Accused Devices, also violate SUPER's intellectual property rights.

47.     GUARD manages and controls the items that can be exposed for sale, offered for sale, and sold.

49.     GUARD fulfills the sale of the products purchased by its buyers and induced sellers.

50.     GUARD profits from the sale of infringing product.

51.     But for GUARD and the GUARD induced sellers exposing for sale, offering for sale, and selling the infringing products, SUPER would not have been damaged nor would its intellectual property rights have been infringed.

52.     After receiving notice of SUPER's patent GUARD continue to sell and continued to induce third parties to sell counterfeit and illegal products.

53.     GUARD chose to ignore SUPER's notice because of the financial incentives it receives from sales.

54.     GUARD's willful and deliberate actions have caused significant harm to SUPER.

55.     GUARD infringes on SUPER's patent rights.

56.     GUARD has induced third parties to infringe on SUPER's patent rights.

57.     GUARD placed in the stream of commerce illegal products that are significantly cheaper than SUPER's product.

58.     SUPER has lost customers and revenue due to the illegal and infringing products being put in to the stream of commerce by GUARD.

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT
## 35 U.S.C. § 271

59.     SUPER incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

60.     GUARD infringed upon the rights of SUPER's patent by exposing for sale, offering to sell, selling, and importing the infringing product in the United States.

61.     GUARD will continue to infringe on the patent unless an injunction is granted by this Court.

62.     GUARD acts are willful, in disregard of, and with indifference to, the rights of SUPER.

63.     As a direct and proximate cause of the infringement by GUARD, SUPER is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, GUARD induced sellers Defendants are liable to SUPER to the extent of their total profits, but not less than $250, pursuant to 35 U.S.C. § 289.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT BY INDUCEMENT
## 35 U.S.C. § 271(b)

64.     SUPER incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

65.     GUARD has infringed upon the rights of SUPER's patent by inducing individuals and companies to infringe upon the rights of SUPER's patent.  Including Induced Sellers, but not limited to, listed below.

       a.   www.amazon.com

       b.   www.zulily.com

66.     GUARD, with knowledge of SUPER's patent rights, has continued to allow the infringing product to be exposed for sale, offered for sale, and sold.

67.     GUARD will continue to induce infringement of the patent through its sales activities unless enjoined by this Court.

68.     GUARD's acts are willful, in disregard of, and with indifference to, the rights of SUPER.

69.    As a direct and proximate cause of the infringement by GUARD, SUPER is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, GUARD is liable to SUPER to the extent of its total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

70.    Defendants have literally and wilfully infringed upon Plaintiff's patent. Alternatively, Defendants have infringed under the doctrine of equivalents "in situations where there is no literal infringement but liability is nevertheless appropriate to prevent what is in essence a pirating of the patentee's invention." GUARD'S infringing clock is substantially the same design.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, as follows:

A.    Judgment against the Defendant declaring that the Defendant's actions directly infringe on the Plaintiff's patents Nos. US D731,172S and US D696,857S;

B.    Plaintiff's reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C.    Plaintiff's lost profits with respect to each patent infringement in amounts to be proven at trial;

D.    The Defendant's profits from the illegal product.

E.    Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Defendant's willful infringement;

F.      A declaration that the Plaintiff's case against the Defendant is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

G.      An award of costs and attorneys' fee to the Plaintiff; and,

H.      Such other relief as the Court deems just and reasonable.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: March *12TH*, 2018

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
P.O. Box 25862
Little Rock, AR 72221
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net


**ALBIN ROACH, PLLC**

**Jeffrey A. Yates**
Texas Bar No. 24004999
service@albinroach.com
5665 Dallas Parkway, Ste. 200
Frisco, Texas 75034
Tel. (214) 423-5100
Fax (214) 423-5111

*Attorneys for Plaintiff*

US00D731172S

(12) **United States Design Patent**    (10) Patent No.:    **US D731,172 S**

Atteberry et al.    (45) Date of Patent:    **     Jun. 9, 2015**

(54) **RHINESTONE COVERED CONTAINER FOR PEPPER SPRAY CANISTER**

(71) Applicants: **Andrea A Atteberry**, New York, NY (US); **Gabriel P Mazzone**, San Jose, CA (US)

(72) Inventors: **Andrea A Atteberry**, New York, NY (US); **Gabriel P Mazzone**, San Jose, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/466,781**

(22) Filed: **Sep. 11, 2013**

(51) LOC (10) Cl. .................................. 03-01

(52) U.S. Cl.
USPC ..................................... D3/215

(58) **Field of Classification Search**
USPC ................ D3/215, 208–212, 229, 201–205; 222/47, 153.1, 153.11, 153.13, 175, 222/182–183, 402.11; 70/414, 456 R; 224/246, 674, 669, 240, 683, 904, 914
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D404,562 S * 1/1999 Brown et al. .................. D3/215
D464,793 S * 10/2002 Anderton ....................... D3/215
(Continued)

*Primary Examiner* — Catheri Oliver-Garcia

(74) *Attorney, Agent, or Firm* — Joe D. Calhoun

(57) **CLAIM**

We claim the ornamental design for a rhinestone covered container for pepper spray canister, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of a rhinestone covered container for a pepper spray canister, covering a portion of a representative sample of a pepper canister within (in broken lines, unclaimed); also unclaimed is a representative sample of a loop for a key chain or similar device.

FIG. 2 is a top plan view of FIG. 1 thereof.

FIG. 3 is a bottom plan view of FIG. 1 thereof.

FIG. 4 is a front elevation view of FIG. 1 thereof, the rear elevation view being a mirror image thereof.

FIG. 5 is a left side elevation view of FIG. 1 thereof, the right side elevation view being a mirror mage thereof.

FIG. 6 is a front perspective of a rhinestone covered container for a pepper spray canister, covering a portion (less than that of FIG. 1) of the representative sample of a pepper canister within (in broken lines, unclaimed); also unclaimed is a representative sample of a loop for a key chain or other attachment.

FIG. 7 is a front elevation view of FIG. 6 thereof, the rear elevation view being a mirror image thereof.

FIG. 8 is a left side elevation view of FIG. 6 thereof, the right side elevation view being a mirror image thereof.

FIG. 9 is a front perspective view of a rhinestone covered container for a pepper spray canister within (in broken lines, unclaimed); also unclaimed is a representative sample of a loop for a key chain or other attachment.

FIG. 10 is a front elevation view of FIG. 9 thereof, the rear elevation view being a mirror image thereof.

FIG. 11 is a left side elevation view of FIG. 9 thereof, the right side elevation view being a mirror image thereof.

FIG. 12 is a front perspective view of a rhinestone covered container for a pepper spray canister, covering a portion (less than that of FIG. 9) of the representative sample of a pepper canister within (in broken lines, unclaimed); also unclaimed is a representative sample of a loop for a key chain or other attachment.

FIG. 13 is a front elevation view of FIG. 12 thereof, the rear elevation view being a mirror image thereof; and,

FIG. 14 is a left side elevation view of FIG. 12 thereof, the right side elevation view being a mirror image thereof.

The broken lines are for illustrative purposes and do not form part of the claimed design. It is understood that, disregarding the unclaimed material in broken lines, each respective bottom plan view of the latter three embodiments (FIGS. 6, 9 and 12) is the same as that of the first embodiment, depicted in FIG. 3. Each respective top plan view of the latter three embodiments is almost identical to that of the first embodiment, depicted in FIG. 3.

**1 Claim, 7 Drawing Sheets**



## US D731,172 S
Page 2

(56)          **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D465,645 | S | * | 11/2002 | Lombardo et al. ............. D3/215 |
| D468,092 | S | * | 1/2003 | Anderton ........................ D3/215 |
| D485,981 | S | * | 2/2004 | Romero .......................... D3/215 |
| D516,241 | S | * | 2/2006 | Gaines et al. ................. D27/161 |
| D667,999 | S | * | 9/2012 | Sheffield ...................... D28/81 |

* cited by examiner



**FIG. 1**



**FIG. 2**



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

FIG. 8



FIG. 9

FIG. 10



FIG. 11



FIG. 12



FIG. 13

FIG. 14

US00D696857S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D696,857 S**
Atteberry et al.    (45) **Date of Patent:**    ✶✶    **Jan. 7, 2014**

(54) **RHINESTONE COVERED CONTAINER FOR PEPPER SPRAY**

(71) Applicants: **Andrea Atteberry**, New York, NY (US); **Gabe Mazzone**, San Francisco, CA (US)

(72) Inventors: **Andrea Atteberry**, New York, NY (US); **Gabe Mazzone**, San Francisco, CA (US)

(✶✶) Term: **14 Years**

(21) Appl. No.: **29/447,536**

(22) Filed: **Mar. 4, 2013**

(51) **LOC (10) Cl.** ............................................... **03-01**

(52) **U.S. Cl.**
USPC ........................................................ **D3/215**

(58) **Field of Classification Search**
USPC ................. D3/215, 208–212, 229, 201–205; 222/47, 153.1, 153.11, 153.13, 175, 222/182–183, 402.11; 70/414, 456 R; 224/246, 674, 669, 240, 683, 904, 914
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,699,667 A | ✶ | 1/1955 | Mark et al. ...................... 70/414 |
| 4,220,263 A | ✶ | 9/1980 | Caruso .......................... 222/183 |

(Continued)

OTHER PUBLICATIONS

Blingsting Pepper Spray, 2013, www.blingsting.com.✶

*Primary Examiner* — Catheri Oliver-Garcia
(74) *Attorney, Agent, or Firm* — Joe D. Calhoun

(57)    **CLAIM**
The ornamental design for a rhinestone covered container for pepper spray, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a rhinestone covered container for pepper spray, having a cutout configuration in the shape of a heart, and a hollow interior.
FIG. 2 is a top plan view of FIG. 1 thereof.
FIG. 3 is a bottom plan view of FIG. 1 thereof.
FIG. 4 is a front elevation view of FIG. 1 thereof.
FIG. 5 is a rear elevation view of FIG. 1 thereof.
FIG. 6 is a first side elevation view of FIG. 1 thereof, with the second side elevation being a mirror image of the first side elevation.
FIG. 7 is another perspective view of FIG. 1 thereof, with a pair of rings attached to the attachment opening, with the rings shown in broken lines.
FIG. 8 is another perspective view of an embodiment of FIG. 1 thereof, with the container having a cutout configuration in the shape of a circle.
FIG. 9 is a front elevation view of FIG. 8 thereof.
FIG. 10 is another perspective view of an embodiment of FIG. 1 thereof, with the container having a cutout configuration in the shape of a square.
FIG. 11 is a front elevation view of FIG. 10 thereof.
FIG. 12 is a perspective view of alternative embodiment of the rhinestone covered container for pepper spray, with the container having a closed top or cap, a cutout configuration in the shape of a heart, and a thumb-trigger; and,
FIG. 13 is another perspective view of FIG. 12 thereof.
It is understood that the corresponding top plan, bottom plan, rear elevation, and side elevation views of the embodiments having a circle-shape cutout configuration and a square-shape cutout configuration of the container are similar to the views of the container having a heart-shaped cutout configuration of the embodiment of FIGS. 1-7, respectively. The corresponding views of the embodiment shown in FIG. 12 are similar to the views of FIGS. 1-7.
The broken lines are for illustrative purposes and do not form part of the claimed invention.

**1 Claim, 7 Drawing Sheets**



## US D696,857 S

Page 2

(56)          **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D270,968 S | * | 10/1983 | Boal | .............................. D3/208 |
| 4,454,966 A | * | 6/1984 | Hicks | ...................... 222/153.11 |
| 5,111,968 A | * | 5/1992 | Wilkerson | ...................... 222/47 |
| 5,458,263 A | * | 10/1995 | Ciammitti et al. | ......... 222/153.1 |
| D418,289 S | * | 1/2000 | Olson | .......................... D3/208 |
| D503,039 S | * | 3/2005 | Cook et al. | ...................... D3/229 |
| D649,777 S | * | 12/2011 | Tyybakinoja et al. | ......... D3/215 |

* cited by examiner



**FIG. 1**



**FIG. 2**



FIG. 3



FIG. 4



**FIG. 5**



**FIG. 6**



FIG. 7

FIG. 8



FIG. 9



FIG. 10



**FIG. 11**



**FIG. 12**

**U.S. Patent**      Jan. 7, 2014      Sheet 7 of 7      **US D696,857 S**



## FIG. 13

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

RECEIVED

MAR 1 3 2018

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Super-Sparkly Safety Stuff, LLC

**(b)** County of Residence of First Listed Plaintiff    Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stewart Law Firm
PO Box 25862
Little Rock, AR 72221 PH: 501-353-1364

## DEFENDANTS
Skyline USA, Inc., d/b/a Guard Dog Security

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❐ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ❐ 2  U.S. Government<br>Defendant | ❐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a<br>Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance<br>❐ 120 Marine<br>❐ 130 Miller Act<br>❐ 140 Negotiable Instrument<br>❐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>❐ 151 Medicare Act<br>❐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>❐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>❐ 160 Stockholders' Suits<br>❐ 190 Other Contract<br>❐ 195 Contract Product Liability<br>❐ 196 Franchise | **PERSONAL INJURY**<br>❐ 310 Airplane<br>❐ 315 Airplane Product<br>  Liability<br>❐ 320 Assault, Libel &<br>  Slander<br>❐ 330 Federal Employers'<br>  Liability<br>❐ 340 Marine<br>❐ 345 Marine Product<br>  Liability<br>❐ 350 Motor Vehicle<br>❐ 355 Motor Vehicle<br>  Product Liability<br>❐ 360 Other Personal<br>  Injury<br>❐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>❐ 365 Personal Injury -<br>  Product Liability<br>❐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>❐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>❐ 370 Other Fraud<br>❐ 371 Truth in Lending<br>❐ 380 Other Personal<br>  Property Damage<br>❐ 385 Property Damage<br>  Product Liability | ❐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>❐ 690 Other<br><br><br><br><br><br>**LABOR**<br>❐ 710 Fair Labor Standards<br>  Act<br>❐ 720 Labor/Management<br>  Relations<br>❐ 740 Railway Labor Act<br>❐ 751 Family and Medical<br>  Leave Act<br>❐ 790 Other Labor Litigation<br>❐ 791 Employee Retirement<br>  Income Security Act | ❐ 422 Appeal 28 USC 158<br>❐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>❐ 820 Copyrights<br>☒ 830 Patent<br>❐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❐ 861 HIA (1395ff)<br>❐ 862 Black Lung (923)<br>❐ 863 DIWC/DIWW (405(g))<br>❐ 864 SSID Title XVI<br>❐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>❐ 871 IRS—Third Party<br>  26 USC 7609 | ❐ 375 False Claims Act<br>❐ 400 State Reapportionment<br>❐ 410 Antitrust<br>❐ 430 Banks and Banking<br>❐ 450 Commerce<br>❐ 460 Deportation<br>❐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>❐ 480 Consumer Credit<br>❐ 490 Cable/Sat TV<br>❐ 850 Securities/Commodities/<br>  Exchange<br>❐ 890 Other Statutory Actions<br>❐ 891 Agricultural Acts<br>❐ 893 Environmental Matters<br>❐ 895 Freedom of Information<br>  Act<br>❐ 896 Arbitration<br>❐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>❐ 950 Constitutionality of<br>  State Statutes |
| **REAL PROPERTY**<br>❐ 210 Land Condemnation<br>❐ 220 Foreclosure<br>❐ 230 Rent Lease & Ejectment<br>❐ 240 Torts to Land<br>❐ 245 Tort Product Liability<br>❐ 290 All Other Real Property | **CIVIL RIGHTS**<br>❐ 440 Other Civil Rights<br>❐ 441 Voting<br>❐ 442 Employment<br>❐ 443 Housing/<br>  Accommodations<br>❐ 445 Amer. w/Disabilities -<br>  Employment<br>❐ 446 Amer. w/Disabilities -<br>  Other<br>❐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❐ 463 Alien Detainee<br>❐ 510 Motions to Vacate<br>  Sentence<br>❐ 530 General<br>❐ 535 Death Penalty<br>**Other:**<br>❐ 540 Mandamus & Other<br>❐ 550 Civil Rights<br>❐ 555 Prison Condition<br>❐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | | **IMMIGRATION**<br>❐ 462 Naturalization Application<br>❐ 465 Other Immigration<br>  Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding
❐ 2  Removed from
State Court
❐ 3  Remanded from
Appellate Court
❐ 4  Reinstated or
Reopened
❐ 5  Transferred from
Another District
*(specify)*
❐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 271
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN
COMPLAINT:
❐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions:)*
JUDGE
DOCKET NUMBER

DATE   3/12/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE