IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPER-SPARKLY SAFETY STUFF, LLC, | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| Plaintiff, | § | 3:18-cv-0587-N |
| v. | § | |
| | § | |
| SKYLINE USA, INC., | § | |
| dba GUARD DOG SECURITY, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO DISMISS FOR IMPROPER VENUE AND BRIEF IN SUPPORT

Defendant Skyline USA, Inc., dba Guard Dog Security (Skyline) moves to dismiss this case for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3) and 28 U.S.C. § 1406(a), respectfully showing as follows:

## I. INTRODUCTION AND SUMMARY

Plaintiff Super-Sparkly Safety Stuff, LLC (Super-Sparkly) pleads venue is proper in this case under the general venue statute, 28 U.S.C. § 1391 [1, ¶1]. This is incorrect because a case alleging patent infringement is governed solely by the patent venue statute, 28 U.S.C. § 1400(b). Under section 1400(b), a corporate defendant resides only in the state in which it is incorporated. Venue is improper in this District because (a) Skyline does not "reside" in this District; and (b) Skyline has not both committed acts of infringement and created a "regular and established place of business" in this District.[1] Because venue is improper, § 1406(a) requires this Court to "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could

---

[1] While Skyline denies infringement and intends to assert invalidity of the subject patent, this motion is limited to improper venue. Should Plaintiff re-file this action, Defendant will then raise those defenses.

have been brought." It is appropriate to dismiss this case because it was just filed, there are no statute of limitations problems, and Plaintiff knew or should have known upon proper investigation that venue in this District is improper.

## II.  STATEMENT OF FACTS

Skyline is a Florida Corporation with its principal place of business at 4180 St. Johns Pkwy Sanford, Florida 32771.  (App. 1; Declaration of Yasir Sheikh, ¶3).  This means that Skyline does not "reside" in this District.

Skyline also has no "regular and established place of business" in this District.  (App. 1; Declaration of Yasir Sheikh, ¶4).  Skyline does not maintain any facilities or sales offices in this District. *Id.*  Indeed, Skyline has no offices, business address, employees, leaseholds or other fixed physical presence, akin to a building or part of a building from which business is conducted, in Texas. *Id.*

Although Plaintiff alleges in its Complaint at paragraph 6 that "Skyline USA, INC., d/b/a Guard Dog Security, (hereinafter "GUARD") is a corporation organized under the laws of the state of Florida and its principal place of business located at 4180 St. John's Parkway, Sandford, TX 32771 ….", this allegation is false and was made without a proper investigation. Skyline's principal place of business is in Florida at 4180 St. Johns Pkwy Sanford, Florida 32771, and not in Texas at 4180 St. John's Parkway, Sandford, TX 32771.  (App. 1; Declaration of Yasir Sheikh, ¶3).

## III.  ARGUMENT

Venue is improper here because neither prong of 28 U.S.C. § 1400(b) is met. First, Skyline does not reside in this District. Second, Skyline has not <u>both</u> committed acts of infringement in this District and created a regular and established place of business in this District.

A.    Skyline Does Not Reside in This District

Under *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514 (2017), "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *Id.* at 1517.  It is undisputed that Skyline is incorporated in the State of Florida. ([2] Complaint ¶6; (App. 1; Declaration of Yasir Sheikh, ¶3). Therefore, Skyline does not reside in this District.

B.    Skyline Has No Regular and Established Place of Business in This District

Skyline lacks a "regular and established place of business" in this District. This fact, along with the fact that Skyline is a Florida corporation, establishes that venue under § 1400(b) is improper.

The Federal Circuit explained last year that "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *In re Cray Inc.*, 2017-129, *10, 871 F.3d 1355 (Fed. Cir., September 21, 2017).  Rather, this standard has three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at *8.  The Federal Circuit stated "[a]ll of these requirements must be present." *Id.* at *10. In this case, Skyline does not meet any one of the three requirements.

First, there "must be a physical place in the district," i.e., "[a] building or part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at *11. "The statute [] cannot be read to refer merely to a virtual space or to electronic communications from one person to another." *Id.* "While the 'place' need not be a 'fixed physical presence in the sense of a formal office or store,' *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985), there

must still be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* Skyline maintains no physical place in this District. (App. 1; Declaration of Yasir Sheikh, ¶4). It has no office and leases no property in this District from which its business is conducted. *Id.*

Second, the place "must be a regular and established place of business." *Id.* With respect to this requirement, regularity means that the business "operates in a 'steady[,] uniform[,] orderly[, and] methodical' manner. In other words, sporadic activity cannot create venue." *Id.* at *11, *12. (citation omitted). The "established" limitation means "that the place of business is not transient. It directs that the place in question must be 'settle[d] certainly, or fix[ed] permanently.'" *Id.* at *12 (citation omitted). This requirement is not met because Skyline has no regular and established place of business in Texas. (App. 1; Declaration of Yasir Sheikh, ¶4).

Third, the place of business must be "the place of the defendant." *Id.* at *13. In other words, the place cannot be "a place of the defendant's employee." *Id.* "Relevant considerations include," among other things, "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.* This requirement is not met because Skyline has no regular and established place of business in Texas. (App. 1; Declaration of Yasir Sheikh, ¶3).

C.     This Case Should be Dismissed

It is appropriate to dismiss this case. First, it was just filed and there is no statute of limitation problem that would require transfer in the interest of justice. Second, the complaint contains false allegations of fact and incorrect allegations of law related to venue, and Plaintiff knew or should have known upon proper investigation that venue in this District is improper. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir., 1993). In *Nichols*, the court noted that five Courts of Appeals had addressed the issue of "whether a district court abuses its discretion by

denying, as not in the interest of justice, a plaintiff's motion under section 1406(a) … to transfer a case from an improper forum on the ground that the plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper." *Id.* at 1201. The court stated the courts (including the Fifth Circuit in *Dubin v. United States*, 380 F.2d 813, 816 n. 5 (5th Cir.1967)) had "unanimously concluded that such a denial is not an abuse of discretion." *Id.* The court explained "[t]hese decisions are premised on the notion that a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney." *Id.*

## IV. CONCLUSION

For the foregoing reasons, Skyline respectfully requests that the Court grant a dismissal of this cause for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3) and 28 U.S.C. § 1406(a).

Dated: April 9, 2018

Respectfully submitted,

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
700 S. Central Expy, Suite 400
Allen, Texas 75013
(214) 207-9066
rgo@oake.com

Attorney for Defendant

CERTIFICATE OF SERVICE

On April 9, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Attorney for Defendant