**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**


**SUPER-SPARKLY SAFETY STUFF, LLC**                                    **PLAINTIFF**


**v.**                          **Civil Action No. 3:18-CV-0587-N**


**SKYLINE USA, INC.,
d/b/a GUARD DOG SECURITY**                                    **DEFENDANTS**


## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, Super-Sparkly Safety Stuff, LLC ("Super,") by and through its attorney, Chris H. Stewart of the Stewart Law Firm, for its Response to the Defendant's, (hereafter "Guard") Motion to Dismiss, states as follows:

The Plaintiffs Complaint should not be dismissed.  Texas and this District is the proper Venue.  First, the Plaintiffs admits that Defendants is located in Sanford, Florida.  Plaintiff knew this fact at the time of the Complaint being filed.  The Defendant was served in Florida. The Summons prepared by the Plaintiff and issued by this Court listed the Defendants proper address as in Sanford, Florida.  The fact that the Complaint stated that the Defendant's Address listed "TX" instead or "FL" was simply a typo.  *Please see Exhibit 1, Summons*.

The reason the Complaint was filed against the Defendant in Texas is simple: personal jurisdiction, the Texas long-arm statute and facts that the Defendant availed itself to the Courts of Texas.  This requires little analysis.  This is a question of whether this Texas Court have personal jurisdiction over the Defendant, who is located in Florida.  The answer is: it does.

On March 14-18, 2018, the Defendant came to Dallas, Texas and set up a product booth at the Ace Hardware Annual Convention and Trade Show at the Kay Bailey Hutchinson Convention Center. *Please see Exhibit 2, Mazzone Affidavit.* At that show the Defendant marketed itself and its products to people and business owners in the state of Texas. Additionally, the Defendants was in state of Texas and the Plaintiff is located in the state of Texas. Furthermore, the Plaintiff was exhibiting at the same tradeshow.

Please recall from the Plaintiff's Complaint, on June 9, 2015, United States Letters Patent No. US D731,172S and January 7, 2014, No. USD696,857S, were issued to Andrea Anteberry and Gabe Mazzone for an invention for a "Rhinestone covered container for pepper spray canister." Upon information and belief the Plaintiff learned on February 7, 2017, that GUARD offered for sale an infringing product called "Bling It On" pepper spray that violated the Plaintiff's patent and embodied the Plaintiff's "Bling Sting" pepper spray. The Defendant offered for sale this infringing product at the Ace Hardware Annual Convention and Trade Show on March 14-18, 2018 in the state of Texas. *Please see Exhibit 2, Mazzone Affidavit.*

The Defendant has availed itself to the jurisdiction of the state of Texas and its long-arm statute. This Court is the proper venue.

The personal jurisdiction question in patent cases is well settled in the Texas. In the case of *Frito-Lay North America, Inc., v. Medallion Foods, et. al.,* 867 F.Supp 2d 864-865 Dist. Court, ED Texas 2012, the Court stated the following legal standard:

> In patent litigation, Federal Circuit law controls personal jurisdiction because the issue is "intimately involved in the substance of enforcement of the patent." *QR Spex, Inc. v. Motorola, Inc.,* 507 F.Supp.2d 650, 655 (E.D.Tex.2007) (citing *Viam Corp. v. Iowa Export-Import Trading Co.,* 84 F.3d 424, 428 (Fed.Cir.1996)); *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.,* 603 F.3d 1364, 1368 (Fed.Cir.2010) (citing *Akro Corp. v. Luker,* 45 F.3d 1541, 1543

(Fed.Cir.1995)). "A federal court may exercise personal jurisdiction over a foreign defendant only if (1) the long-arm statute creates personal jurisdiction over the foreign defendant, and (2) the exercise of personal jurisdiction over that defendant is consistent with the due process guarantees of the U.S. Constitution." *Keranos, LLC v. Analog Devices, Inc.,* No. 2:10-CV-207, 2011 WL 4027427, at *8 (E.D.Tex. Sept. 12, 2011)(citing *Patent Rights Prot. Grp.,* 603 F.3d at 1368-69). The Texas long-arm statute extends to the full extent permitted by the Due Process Clause. *Religious Tech. Ctr. v. Liebreich,* 339 F.3d 369, 373 (5th Cir.2003).

Thus, to establish that the Court has personal jurisdiction over Defendants, Plaintiff must show that: (1) each Defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over each Defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316-20, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of establishing the district court's jurisdiction lies with the party seeking to invoke the court's jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000). When, as here, no evidentiary hearing is conducted, "the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Id.* (citation omitted); *see Graphic Controls Corp. v. Utah Medical Products, Inc.,* 149 F.3d 1382, 1383 n. 1 (Fed.Cir.1998). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve all factual disputes in favor of the plaintiff. *Alpine 865*865 View Co.,* 205 F.3d at 215 (citations omitted).

"Minimum contacts" can be established though contacts sufficient to support the exercise of either general or specific jurisdiction. *Viam Corp.,* 84 F.3d at 428; *J. McIntyre Machinery, Ltd. v. Nicastro, ___ U.S. ___,* 131 S.Ct. 2780, 2787-88, 180 L.Ed.2d 765 (2011). General jurisdiction occurs when "a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum ..." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction exists only when the defendant's contacts with the State constitute "continuous and systematic" general contacts with the forum. *Id.* at 416, 104 S.Ct. 1868. "Random, fortuitous, or attenuated contacts are not sufficient to establish general jurisdiction." *Keranos,* 2011 WL 4027427, at *9 (citing *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed.Cir.1998)).

Specific jurisdiction exists where the plaintiff alleges a cause of action which grows out of or relates to a contact between the defendant and the forum state. *Helicopteros,* 466 U.S. at 414 n. 8, 104 S.Ct. 1868; *McIntyre,* 131 S.Ct. at 2787-88. "It is essential in each case that there be some act by which the defendant

purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." _Hanson v. Denckla,_ 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

In _Medallion Foods_ an Arkansas company, _Medallion Foods_, was infringing on a Texas company, _Frito-Lay's,_ patent.  The Texas company filed suit against the Arkansas company in Texas.  _Frito-Lay_ argued the pursuant to the stream of commerce argument the Arkansas company, _Medallion Foods_, was subject to Texas jurisdiction because its products were in Wal-Mart stores all over the state of Texas.  Therefore, subject to personal jurisdiction and the venue of Texas courts.  The Court in the case went on to analyze the due process argument, venue and convenience of the plaintiff's choice of forum.  This case is exactly on point to the matter at hand.

When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve all factual disputes in favor of the plaintiff.  The Plaintiffs are located in Dallas, Texas.  Its patent was received in Dallas, Texas.  Its products are shipped out of Dallas, Texas.  Its products are designed in Dallas, Texas.  The Ace Hardware Annual Convention and Tradeshow were held in Dallas, Texas on March 14-18.  There are over 100 Ace Hardware stores alone in the state of Texas.  The Defendant is a vendor of Ace Hardware stores and was marketing its infringing product to be sold in these Ace Hardware stores in the state of Texas.  The Defendant's "Bling It On" pepper spray infringes on the Plaintiff's United States Letters Patent No. US D731,172S and January 7, 2014, No. USD696,857S.  The Plaintiff's product that embodies their patent is called "Bling Sting" pepper spray.  The Plaintiff's patents and product came first.

The Defendant marketed and offered for sale its product in the stream of commerce in the state of Texas.  The Defendant came personally to the state of Texas and subjected itself to personal

specific jurisdiction.  The Defendant hopes to and offers its products for sale in Ace Hardware stores in the state of Texas.  The Defendant is subject to the long-arm statute of the state of Texas. The Defendant has more that minimum contacts with the state of Texas.  The Defendant purposely availed itself to the jurisdiction of Texas and notions of fair play a justice exist.

Therefore, pursuant to the holding in *Frito-Lay North America, Inc., v. Medallion Foods, et. al.,* 867 F.Supp 2d 864-865 Dist. Court, ED Texas 2012, the Texas long-arm statute, the minimum contacts of the Defendant, and the Affidavit of the Plaintiff, the case should not be dismissed.  Texas and the Northern District of Texas, Dallas Division is the proper venue.

Respectfully Submitted,

/s/ Chris H. Stewart
Chris H. Stewart
Ark. Bar No. 2003-222
*Pro Hac Vice*
Stewart Law Firm
PO Box 26582
Little Rock, AR 72221
(501) 353-1364
arklaw@comcast.net

**ALBIN ROACH, PLLC**
**Jeffrey A. Yates**
Texas Bar No. 24004999
service@albinroach.com
5665 Dallas Parkway, Ste. 200
Frisco, Texas 75034
Tel. (214) 423-5100
Fax (214) 423-5111

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
700 S. Central Expy, Suite 400
Allen, Texas 75013
rgo@oake.com

By: /s/ Chris H. Stewart
    Chris H. Stewart

\#