IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPER-SPARKLY SAFETY STUFF, LLC, | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| Plaintiff, | § | 3:18-cv-0587-N |
| v. | § | |
| | § | |
| SKYLINE USA, INC., | § | |
| dba GUARD DOG SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE [12] TO MOTION TO DISMISS FOR IMPROPER VENUE AND BRIEF IN SUPPORT**

Defendant Skyline USA, Inc., dba Guard Dog Security (Skyline) replies to Plaintiff's Response to motion to dismiss this case for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3) and 28 U.S.C. § 1406(a), respectfully showing as follows:

**I.    INTRODUCTION AND SUMMARY**

Plaintiff Super-Sparkly Safety Stuff, LLC (Super-Sparkly) argues that venue is proper in this District because personal jurisdiction exists over Skyline due to Skyline's attendance at a trade show in Dallas, Texas on March 14-18, 2018 and because Skyline is a vendor of, and sells the accused product to Ace Hardware stores, which allegedly has over one-hundred stores in the State of Texas.  This argument fails because venue in a patent case is governed solely by the patent venue statute, 28 U.S.C. § 1400(b), and neither attendance at a trade show in this District nor sales of the accused product to a third party in the forum state satisfies the requirements of 28 U.S.C. § 1400(b).

1

## II. REPLY TO STATEMENT OF FACTS

Super-Sparkly states that representatives of Skyline attended the Ace Hardware Spring Convention and Trade Show (Trade Show") in Dallas, Texas on March 14-18, 2018 and offered the accused product for sale at the Trade Show. (Doc. 12, PID54). The correct facts are that Yasir Sheikh, co-owner of Skyline, and Samantha MacPherson, another representative of Skyline, attended the Trade Show in Dallas, Texas from March 14, 2018 through March 17, 2018 and offered the accused product for sale at a temporary booth at the Trade Show. (App. 1). This was the first time representatives from Skyline had attended this Trade Show in Texas. (App. 1). Skyline did not have any special arrangement with Ace Hardware at the Trade Show other than being an exhibitor at the Trade Show. (App. 1).

Super-Sparkly states "[t]here are over 100 Ace Hardware stores alone in the state of Texas" and "[t]he Defendant is a vendor of Ace Hardware stores and was marketing its infringing product to be sold in these Ace Hardware stores in the state of Texas." (Doc. 12, PID56). The correct facts are that Skyline markets the accused product to be sold in Ace Hardware stores in the State of Texas. (App. 2). However, Skyline does not lease any space in the Ace Hardware stores, does not have or own any permanent place or space in the Ace Hardware stores in Texas or anywhere else, and does not have any other relationship with Ace Hardware stores other than being a vendor who sells products to Ace Hardware stores. (App. 2).

## III. REPLY TO ARGUMENT

Super-Sparkly's response argument fails because a case alleging patent infringement is governed solely by the patent venue statute, 28 U.S.C. § 1400(b). Under section 1400(b), establishing personal jurisdiction over a defendant does not establish proper venue. Indeed, the Federal Circuit has stated "[c]ourts should be mindful of this history in applying the statute

[1400(b)] and be careful not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." *In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017).

Super-Sparkly relies on *Frito–Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F.Supp.2d 859 (E. D. Tex., 2012), but this case is inapposite because it only involves an analysis of personal jurisdiction and venue transfer under 28 U.S.C. § 1404(a). It does not involve an analysis of whether venue is proper under 28 U.S.C. § 1400(b) or whether the case should be dismissed for improper venue under 28 U.S.C. § 1406(a).

  A. Attendance at a Trade Show in the Forum is not Sufficient to Establish Venue

Super-Sparkly argues that personal jurisdiction and therefore venue is proper due to Skyline's attendance at a trade show in Dallas, Texas. However, the Federal Circuit in *In re Cray* explained that attendance at a trade show in the forum was an example of the type of activity that would *not* establish venue under 28 U.S.C. § 1400(b) because it, *inter alia*, does not satisfy the "permanence" requirement. The court stated "[i]ndeed, court decisions have stressed the importance of sufficient permanence" [citation omitted] and "[a]s an example, one court held that a business that semiannually displayed its products at a trade show in the district had only a temporary presence. *See Knapp–Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622, 625 (7th Cir. 1965)." *In re Cray*, 871 F.3d at 1363. Skyline's attendance at the Trade Show did not satisfy the "regular and established place of business" requirement under section 1400(b) because it was not sufficiently permanent.

  B. Sales to another Business in the Forum does not Establish Venue

Super-Sparkly argues that Skyline's sales of the accused product to Ace Hardware stores in Texas establishes personal jurisdiction and therefore venue is proper in this district. This

argument fails due to the third requirement under section 1400(b), which is that "'the regular and established place of business' must be 'the place of the defendant.'" *In re Cray*, 871 F.3d at 1363. Skyline does not lease space from Ace Hardware stores and does not otherwise have any regular and established place of business in Ace Hardware stores that could be characterized as a place of Skyline. As stated by Super-Sparkly (Doc. 12, PID56) and acknowledged by Skyline (App. 2), Skyline is simply a vendor of Ace Hardware stores and sells products to Ace Hardware stores. This activity does not establish venue under section 1400(b). *See Reflection, LLC v. Spire Collective LLC*, Case No. 17cv1603, *6 (S.D. Cal., January 5, 2018) (merely selling products in the forum through a third party is not sufficient to satisfy the patent venue statute). (App. 6).

    C.    Dismissal of this Case is Appropriate

Skyline only moves for a dismissal. Super-Sparkly opposes the dismissal but does not request a transfer and has not briefed where venue would be proper. Since the case was recently filed, Super-Sparkly will not be prejudiced by a dismissal. This Court therefore should exercise its discretion and dismiss this complaint. *See Relection, supra*, at pages *7, *8 (App. 7). (court dismissed complaint in its discretion when defendant sought dismissal, plaintiff opposed but did not request transfer, plaintiff did not brief where venue would be proper, and case was recently filed so plaintiff would not be prejudiced by a dismissal).

## IV. CONCLUSION AND REQUEST FOR RELIEF

Venue is improper in this District because neither prong of 28 U.S.C. § 1400(b) is met. Skyline does not reside in this District and Skyline has not <u>both</u> committed acts of infringement in this District and created a regular and established place of business in this District. Skyline respectfully requests that the Court grant a dismissal of this cause for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3) and 28 U.S.C. § 1406(a).

Dated: May 3, 2018

        Respectfully submitted,

        <u>/s/ Robert G. Oake, Jr.</u>
        Robert G. Oake, Jr.
        Texas State Bar No. 15154300
        Oake Law Office
        700 S. Central Expy, Suite 400
        Allen, Texas 75013
        (214) 207-9066
        rgo@oake.com

        Attorney for Defendant

## CERTIFICATE OF SERVICE

On May 3, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

        <u>/s/ Robert G. Oake, Jr.</u>
        Robert G. Oake, Jr.
        Attorney for Defendant