IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPER-SPARKLY SAFETY STUFF, LLC, § § § Plaintiff, § § v. § § SKYLINE USA, INC., d/b/a GUARD § DOG SECURITY, § § Defendant and Counter-Plaintiff. § | | Civil Action No. 3:18-CV-0587-N |

## **MEMORANDUM OPINION AND ORDER**

This order addresses Plaintiff Super-Sparkly Safety Stuff, LLC's ("Super-Sparkly") motion to dismiss Defendant Skyline USA, Inc., d/b/a Guard Dog Security's ("Skyline") counterclaims [30]. For the reasons set forth below, the Court grants in part and denies in part Super-Sparkly's motion.

### I. ORIGINS OF THE DISPUTE

This is a patent infringement action between two companies specializing in self-defense products. Super-Sparkly, a manufacturer and distributer of personal protection devices, filed suit against Skyline, an importer and seller that distributes security products to third parties such as Amazon. Mot. Dismiss Def.'s Counterclaims 1–3 [30]. Super-Sparkly's suit claimed that Skyline's "Bling it On" pepper spray, a rhinestone-covered pepper spray cannister, infringes on Super-Sparkly's design patents for "Bling Sting"

pepper spray, which also features rhinestones. *Id.* at 2. In response, Skyline asserted ten counterclaims against Super-Sparkly, which Super-Sparkly now moves to dismiss.

## II. Rule 12(b)(6) Legal Standard

When addressing a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### III. THE COURT GRANTS IN PART AND DENIES IN PART SUPER-SPARKLY'S MOTION TO DISMISS

#### A. *The Court Grants Super-Sparkly's Motion To Dismiss Skyline's Declaratory Judgment Counterclaims Mirroring Its Affirmative Defenses*

Skyline raised noninfringement, invalidity, unenforceability, and noncompliance with 35 U.S.C. § 287 (requiring marking), as both affirmative defenses and counterclaims, seeking declaratory relief for its counterclaims. The Declaratory Judgment Act grants federal courts broad discretion in determining whether to exercise jurisdiction over claims seeking declaratory judgment. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1385 (Fed. Cir. 2010). District courts may decline to exercise jurisdiction when entertaining claims would not further the purpose of the Declaratory Judgment Act. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008); *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (stating that a court "must make a reasoned judgment whether the investment of time and resources will be worthwhile"). The underlying goal of the Declaratory Judgment Act is to "allow a party 'who is reasonably at legal risk because of an unresolved dispute to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side.'" *Capo, Inc. v. Dioptics Medical Prods., Inc.*, 387 F.3d 1352, 1354 (Fed. Cir. 2004) (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993) (abrogated on other grounds)).

The Court finds that entertaining Skyline's declaratory judgment counterclaims mirroring its affirmative defenses would not further the Declaratory Judgment Act's

purpose. Skyline's use of the declaratory judgment vehicle in this procedural context is unnecessary — Skyline has simply recast as counterclaims the very arguments it pled in response to Super-Sparkly's claims. Dismissing these declaratory counterclaims will not leave Skyline "helpless and immobile." *Capo, Inc.*, 387 F.3d at 1358. On the contrary, to the extent Skyline requests declaratory judgment simply to limit Super-Sparkly's ability to move for dismissal of its claims, that would appear to be a disfavored use of the declaratory judgment process. The Court thus grants Super-Sparkly's motion to dismiss the noninfringement, invalidity, unenforceability, and section 287 counterclaims.

### B. The Court Grants Super-Sparkly's Motion to Dismiss Skyline's Tortious Interference Counterclaims

Super-Sparkly also seeks dismissal of Skyline's interference counterclaims. Because Skyline has not met the Rule 12(b)(6) plausibility standard, the Court grants the motion as to these counterclaims.

***1. Tortious Interference with Contractual Relations.*** — To succeed on its claim for tortious interference with contract, a party must allege that (1) a valid contract existed; (2) defendant willfully and intentionally interfered with the contract; (3) the interference proximately caused plaintiff damage; and (4) plaintiff suffered actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002). The plaintiff must identify "a specific contract that is the subject of interference." *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 774 (S.D. Tex. Aug. 17, 2010). Here, Skyline merely alleged that it had "contract(s) to do business with customers," First Am. Answer First Am. Counterclaims 28 [29], failing "to plead adequately the first element of a tortious interference with contract claim." *M-I*

*LLC*, 733 F.Supp.2d at 775.  The Court thus grants Super-Sparkly's motion to dismiss this claim and grants Skyline leave to replead.

***2. Tortious Interference with Prospective Contracts and Business Relations.*** —
Skyline alleges tortious interference with prospective contracts and business relations. Texas law treats these grounds as distinct torts, so the Court addresses this counterclaim as two separate counterclaims.

To state a claim for tortious interference with prospective contracts, claimants must allege facts showing (1) a reasonable probability that plaintiff would have entered into a business relationship with a third party; (2) defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused plaintiff's injury; and (5) plaintiff suffered actual damage or loss as a result.  *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).  A plaintiff must "show more than speculation or the bare possibility that [it] would have entered into a future business relationship."  *Cooper v. Harvey*, 2016 WL 4427481, at *11 (N.D. Tex. Aug. 21, 2016).

Skyline's bare recitation of these elements in its pleadings is inadequate to state a claim.  Skyline alleges only that it had existing contracts with customers and that there was a "reasonable probability" it would enter into more contracts with other customers.  This falls well short of the specificity required to survive a motion to dismiss.  Further, while

Skyline claims it has "actual damages," it alleges no well-pleaded facts to support that statement.

These deficiencies also render inadequate a tortious interference with business relations claim. Among other elements, a claimant must show a "reasonable probability" that it would have entered a business relationship with a third party without the defendant's interference. *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, 2017 WL 3086035, at *3 (N.D. Tex. July 20, 2017). While a "'preexisting business relationship can suffice to show a reasonable probability of contractual relations,'" it must be an "ongoing contractual relationship." *Security Data Supply, LLC v. Nortek Security and Control, LLC*, 2019 WL 3305628, at *8 (N.D. Tex. July 22, 2019) (quoting *Santander Consumer USA, Inc. v. Zeigler Chrysler Dodge Jeep-Downers Grove, LLC*, 2017 WL 2729998, at *7 (N.D. Tex. June 26, 2017)). Here, Skyline has not alleged any facts showing a specific third-party relationship that was prevented by Super-Sparkly's conduct. Skyline does claim it lost at least one existing customer, but there are no facts that would suggest it had an ongoing contractual relationship with this customer rather than a single contract to be performed. First Am. Answer First Am. Counterclaims 21 [29].

Consequently, the Court grants Super-Sparkly's motion to dismiss Skyline's tortious interference with prospective contracts and business relations claims and grants Skyline leave to replead them.

### C. Skyline's Defamation Counterclaim is Moot

Skyline has withdrawn its defamation counterclaim. Def.'s Resp. Mot. Dismiss 23 [31]. The Court thus grants Super-Sparkly's motion to dismiss this counterclaim.

### D. The Court Denies Super-Sparkly's Motion to Dismiss Skyline's Lanham Act, Common Law Unfair Competition, and Business Disparagement Counterclaims

The Court denies Super-Sparkly's motion to dismiss as to Skyline's Lanham Act, common law unfair competition, and business disparagement counterclaims because Skyline pled facts sufficient to state a claim for each of these counterclaims. Super-Sparkly argues that Skyline has failed to prove the elements for these counterclaims. Mot. Dismiss Def.'s Counterclaims 8–10 [30]. Under the Rule 12(b)(6) standard, however, Skyline is only required to allege facts that, if taken as true, would establish a right to relief. Skyline has met that burden.

*1. Skyline States a Counterclaim for Unfair Competition Under the Lanham Act.* — To state a claim under section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair competition due to commercial misrepresentations, a party must allege facts showing that (1) the defendant made a false or misleading statement of fact in commercial advertising or promotion about the plaintiff's goods or services; (2) the statement tends to or actually deceives a substantial portion of the intended audience; (3) the statement is material in that it will likely influence purchasing decisions; (4) the defendant introduced the statement into interstate commerce; and (5) the plaintiff suffered actual or probable injury. *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348 (Fed. Cir. 1999). Here, Skyline has alleged Super-Sparkly made false statements concerning Skyline's pepper spray products that tended to deceive its intended audience, Skyline customers, regarding their liability as third-party sellers. First Am. Answer First Am. Counterclaims 26–27 [29]. Skyline further alleged these statements, accusing it of infringing Super-Sparkly's design

ORDER – PAGE 7

patents, have influenced customer purchasing decisions and proximately caused Skyline harm by leading to the loss of at least one Skyline customer. *Id.* at 21, 27. This is sufficient to state a Lanham Act claim for unfair competition, so the Court denies Super-Sparkly's motion to dismiss this counterclaim.

***2. Skyline States a Counterclaim for Common Law Unfair Competition.*** — Super-Sparkly appears to treat Skyline's counterclaim as an unfair competition by misappropriation counterclaim. Skyline, however, is alleging a general unfair competition counterclaim. The factual allegations in its counterclaim center on false statements rather than product development and misappropriation. First Am. Answer First Am. Counterclaims 27–28 [29]; *see M-I LLC*, 733 F.Supp.2d at 778. Further, the caselaw cited in Skyline's response brief addresses general unfair competition claims. Def.'s Resp. Mot. Dismiss 18 [31].

Under Texas law, unfair competition is a derivative tort; a party claiming unfair competition must "show an illegal act by the defendant which interfered with the plaintiff's ability to conduct its business." *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000). Skyline alleges both false advertising and business disparagement as independent torts. Because Skyline has sufficiently pled business disparagement, discussed further below, the Court denies Super-Sparkly's motion to dismiss the unfair competition counterclaim.

***3. Skyline States a Counterclaim for Business Disparagement.*** — Under Texas law, a plaintiff alleging a business disparagement claim must "establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3)

without privilege, (4) that resulted in special damages to the plaintiff." *Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (citing *Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987)). "Proof of special damages . . . requires that plaintiff establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales." *Teel v. Deloitte & Touche LLP*, 2015 WL 9478187, at *6 (N.D. Tex. Dec. 29, 2015) (Fish, J.) (quoting *Hurlbut*, 749 S.W.2d at 767).

Skyline has alleged sufficient facts to establish each of these elements. The counterclaim alleges that, in communications to Skyline customers, Super-Sparkly published false claims that Skyline's products infringed on Super-Sparkly's design patents. First Am. Answer First Am. Counterclaims 21, 30 [29]. Skyline furthers alleges that these statements were malicious and without privilege because they were made in bad faith when there had been no legal finding of infringement. *Id.* at 26, 30. Lastly, Skyline states that Super-Sparkly's communications caused at least one of its existing customers to stop buying its products — a business-related pecuniary loss. *Id.* at 21, 30. Because Skyline's business disparagement counterclaim satisfies the plausibility pleading standard, the Court denies Super-Sparkly's motion to dismiss as to this counterclaim.

## Conclusion

The Court grants Super-Sparkly's motion to dismiss Skyline's counterclaims for noninfringement, invalidity, unenforceability, violation of section 287, tortious interference with contracts, tortious interference with prospective contracts, tortious interference with business relations, and defamation. The Court denies the motion to dismiss Skyline's Lanham Act, common law unfair competition, and business

ORDER – PAGE 9

disparagement counterclaims. The Court grants Skyline leave to replead its interference counterclaims within thirty (30) days of the date of this Order.

Signed October 2, 2019.

_____
David C. Godbey
United States District Judge