IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPER-SPARKLY SAFETY STUFF, LLC, § § § Plaintiff, § § v. § § SKYLINE USA, INC., dba GUARD DOG § SECURITY, § § Defendant and Counterclaimant. § | | Civil Action No. 3:18-CV-0587-N |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Skyline USA, Inc.'s ("Skyline") motion for partial summary judgment of noninfringement [33] and Super-Sparkly Safety Stuff, LLC's ("Super-Sparkly") motion for extension of time to respond to the motion for partial summary judgment ("motion for extension") [36]. For the reasons below, the Court voids the Order [47] that mooted Super-Sparkly's motion for extension but denies Super-Sparkly's motion. The Court grants Skyline's motion for partial summary judgment.

### I. THE PATENT INFRINGEMENT DISPUTE

This is a design patent infringement action between two companies specializing in self-defense products. Super-Sparkly, a manufacturer and distributor of personal protection devices, filed suit against Skyline, an importer and seller that distributes security products to individuals and third-party sellers. Complaint 2–3, 6 [2]. Super-Sparkly's complaint states two claims against Skyline. Super-Sparkly alleges Skyline's "Bling it On" pepper spray, a pepper spray cannister featuring rhinestones, both infringed and

ORDER – PAGE 1

induced infringement of Super-Sparkly's design patent for "Bling Sting" pepper spray, a rhinestone-covered pepper spray cannister. *Id.* at 3–4, 8–9. While Super-Sparkly states that it has two patents for a rhinestone-covered pepper spray cannister, the USD731,172S ('172S) and USD696,857S ('857S) patents, it alleges infringement of only the '172S patent. *Id.* at 3–4. Skyline now seeks summary judgment on Super-Sparkly's claim of infringement of the '172S patent.

## II. LEGAL STANDARDS

### A. *Summary Judgment*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d

521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. *Design Patent Infringement*

A design patent is infringed if an ordinary observer, when comparing the two designs in context of the prior art, would think that the accused design is substantially the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (*en banc*). The test considers "both the perspective of the ordinary observer and the particular novelty in the claimed design." *Id.* at 671. When the claimed and accused designs are "sufficiently distinct" and "plainly dissimilar," there is no design patent infringement. *Id.* at 678. If the patented and accused products are not plainly dissimilar, the ordinary observer test turns to "a comparison of the claimed and accused designs with the prior art" to determine whether there is infringement. *Id.* But "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (internal quotation marks omitted)).

### III. THE COURT DENIES SUPER-SPARKLY'S MOTION FOR EXTENSION

A party seeking an extension to obtain discovery must show the court "why [it] needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 658 (5th Cir. 1996) (internal quotation marks omitted). Super-Sparkly has not satisfied its burden to explain how further discovery would raise material facts relevant to the issue of noninfringement.

ORDER – PAGE 3

Skyline's motion for partial summary judgment of noninfringement is based on the physical appearances of the claimed and accused product designs. Evidence relevant to these arguments, including images and descriptions of the designs in question, has been submitted. *See* Def.'s Appx. [35]. Super-Sparkly has not specified how additional discovery would raise material new facts and merely states that it needs to take depositions. Pltf.'s Brief Support Resp. 2–3 [39]. This is insufficient to warrant an extension. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts."). The Court thus denies Super-Sparkly's motion for extension of time to respond to Skyline's partial summary judgment motion and voids its prior Order [47].

### IV. THE COURT GRANTS SKYLINE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT

Skyline seeks summary judgment of noninfringement of the '172S patent, arguing that the differences between the patented and accused product designs make them plainly dissimilar. Def.'s Brief Support Mot. Partial Summary Judgment 11 [34]. Super-Sparkly contends it does not have enough discovery to adequately respond to Skyline's motion but never addresses the merits of Skyline's arguments or the evidence regarding the claimed and accused products' appearances. Pltf.'s Brief Support Resp. 2 [39]. For reasons stated above, Super-Sparkly has not shown that additional discovery would raise material facts. The Court thus finds that there is no genuine issue of material fact on infringement.

Further, based on the evidence that has been submitted, the Court finds that the physical difference between the patented and accused products would be obvious. Here,

the '172S patent embodiments each show a rhinestone-covered cannister with rhinestone covered bottom. Def.'s Appx. 4 [35]. In contrast, the accused product has no rhinestones on the cannister bottom. *Id.* at 43, 49. This difference is significant, particularly given the relatively simple and limited elements of the product designs, and would be obvious to an ordinary observer. The Court thus finds that Skyline's Bling Sting product does not infringe Super-Sparkly's '172S patent and that Skyline is entitled to summary judgment of noninfringement.

## CONCLUSION

The Court moots its previous Order [47] but denies Super-Sparkly's motion for extension of time to respond to Skyline's motion for partial summary judgment. Because there is no genuine question of material fact on the issue of infringement and because the design differences between the patented and accused products is obvious, the Court grants Skyline's motion for partial summary judgment of noninfringement of Super-Sparkly's '172S patent.

Signed November 4, 2019.

_____
David C. Godbey
United States District Judge