IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPER-SPARKLY SAFETY STUFF, LLC | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-0587-N |
| SKYLINE USA, INC., | § § § § | |
| Defendant. | § § | |

## **ORDER**

This Order addresses Plaintiff Super-Sparkly Safety Stuff, LLC's ("Super-Sparkly") motion to dismiss Defendant Skyline USA, Inc.'s ("Skyline") counterclaims [50]. For the following reasons, the Court grants in part and denies in part the motion.

### I. ORIGINS OF THE MOTION

This is a dispute between two companies specializing in self-defense products. Super-Sparkly, a manufacturer and distributer of personal protection devices, filed suit against Skyline, an importer and seller that distributes security products to third parties such as Amazon. Mot. to Dismiss Def.'s Counterclaims 1–3 [30]. Skyline initially asserted ten counterclaims against Super-Sparkly. First Amend. Answer [29]. Super-Sparkly filed a motion to dismiss all counterclaims. Mot. to Dismiss Def.'s Counterclaims [30]. The Court granted the motion in part and denied in part. Mem. Op. and Order [46]. Skyline filed a second amended answer asserting six counterclaims [48]. Super-Sparkly then filed this motion to dismiss the counterclaims.

ORDER – PAGE 1

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

## III. THE COURT DENIES THE MOTION WITH REGARD TO THE LANHAM ACT, COMMON LAW UNFAIR COMPETITION, AND BUSINESS DISPARAGEMENT CLAIMS

The Court denies Super-Sparkly's motion to dismiss as to Skyline's Lanham Act, common law unfair competition, and business disparagement claims, because Skyline pled facts sufficient to state a claim for each of these counterclaims. In fact, Skyline's claims

ORDER – PAGE 2

are identical to the claims it pled in its First Amended Answer. Super-Sparkly previously moved to have those claims dismissed, and the Court denied the motion. Mem. Op. and Order 7–9 [46]. Nothing has changed regarding these claims. Thus, the Court denies the motion to dismiss as to the Lanham Act, common law unfair competition, and business disparagement claims.

### IV. THE COURT GRANTS THE MOTION WITH REGARD TO TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

To succeed on a claim for tortious interference with an existing contract, a party must establish that there was "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Services, Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). Recently, the Texas Supreme Court established that tortious interference with an existing contract requires that an actual breach occurred. *El Paso Healthcare System, Ltd. v. Murphy*, 518 S.W.3d 412, 422 (Tex. 2017); *see also WickFire, LLC v. Laura Woodruff; TriMax Media, LLC*, No. 17-50340, 2021 WL 753630, at *6 (5th Cir. Feb. 26, 2021) ("This unequivocal language leaves little doubt that a breach must result from the defendant's conduct in order for the plaintiff to prevail.").

Skyline pled that it had a contract with third-party Lexage that allowed Lexage to represent Skyline to vendors such as Amazon. Skyline also pled that Lexage had a contract with Amazon to provide Skyline's products to Amazon. Skyline asserts that Super-Sparkly interfered with these contracts. However, Skyline did not plead that there was any actual

ORDER – PAGE 3

breach of its contracts. As such, the Court grants the motion to dismiss as to the tortious interference with contractual relations claim.

## V. THE COURT DENIES THE MOTION WITH REGARD TO THE TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE CONTRACTS CLAIMS

Texas courts recognize tortious interference with business relations and interference with prospective contracts as separate torts. *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 723 (Tex. 2001) (stating that the Court "clearly recognize[s] a cause of action for tortious interference with prospective business relations . . ."); *Prudential*, 29 S.W.3d at 78 (treating the torts of interference with business relations and interference with prospective contracts as separate torts).

### A. Tortious Interference With Prospective Contracts

To state a claim for tortious interference with prospective contracts, claimants must allege facts showing (1) a reasonable probability that plaintiff would have entered into a business relationship with a third party; (2) defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused plaintiff's injury; and (5) plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). To satisfy element one, a plaintiff must allege facts that would demonstrate that there was a reasonable assurance that a contract would have been made if not for the defendant's interference. *Verkin v. Melroy*, 699 F.2d 729, 732 (5th Cir. 1983).

ORDER – PAGE 4

In this case, the Court initially dismissed Skyline's counterclaim for interference with prospective contracts because Skyline did not plead its counterclaim with enough specificity as to its prospective contracts. Rather, Skyline alleged generally that it would have entered into other contracts with more customers. First Am. Answer 29 [29]. Additionally, Skyline failed to allege well-pleaded facts to support its claim for actual damages. *Id*.

In its Second Amended Answer, Skyline has addressed these defects by specifically alleging that at least one other contract did not materialize because of Super-Sparkly's behavior. Second Am. Answer 29 [48]. Skyline has also alleged that it lost revenue due to Super-Sparkly's actions. Because Skyline has cured the defects in its counterclaim for tortious interference with prospective contracts, the Court finds that it has adequately pled a claim for relief and thus denies the motion to dismiss.

### *B. Tortious Interference With Business Relations*

The standard to plead a claim of tortious interference with business relations is substantially similar to the standard for a claim of tortious interference with prospective contracts. However, rather than showing that a contract would have materialized if not for the defendant's conduct, a plaintiff must plead facts that demonstrate that there was a reasonable probability of a future business relationship absent the defendant's conduct. *Security Data Supply, LLC v. Nortek Security and Control, LLC*, No. 3:18-CV-1399-S, 2019 WL 3305628, at *8 (N.D. Tex. July 22, 2019).

The Court previously dismissed Skyline's counterclaim because Skyline did not allege any specific facts to show that Super-Sparkly's conduct interfered with a specific

ORDER – PAGE 5

business relationship. Mem. Op. and Order 6 [46]. In its Second Amended Answer, Skyline alleged that Skyline would have had continued business relationships with Amazon and Dollar General absent Super-Sparkly's conduct. Second Am. Answer 29 [48]. Because Skyline has cured the defect in its pleading, the Court determines that Skyline has adequately pled a claim for relief. As such, the Court denies the motion to dismiss.

## CONCLUSION

Because Skyline has adequately pled most of its counterclaims, the Court largely denies the motion to dismiss. However, because Skyline has not adequately pled a claim for tortious interference with an existing contract, the Court grants the motion in part and dismisses that claim without prejudice.

Signed March 24, 2021.

_____
David C. Godbey
United States District Judge